EMMA GIRARD *vs.* WILLIAM P. GRISWOLD & another.

Hampden.    September 25, 1900. — October 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Personal Injuries occasioned by jumping from Window — Negligence —
Precautions to prevent Accidents.*

An action cannot be maintained for personal injuries occasioned to a girl sixteen
years of age by jumping from a window in her employer's factory in consequence
of fright caused by steam escaping from a broken glass water gauge on the front
of a very small boiler, which steam did not come near her, if there is no evidence
tending to show that reasonable care on the part of the defendant called for any
additional precautions to prevent such accidents.

TORT, for personal injuries occasioned to the plaintiff by
jumping from a window in the defendant's factory while she was
in their employ.    Trial in the Superior Court, before *Maynard,*
J., who, at the close of the plaintiff's case and at the request of
the defendants, directed the jury to return a verdict for the de-
fendants; and the plaintiff alleged exceptions, which appear in
the opinion.

*T. B. O'Donnell*, for the plaintiff.

*W. Hamilton*, for the defendants.

KNOWLTON, J.   The plaintiff in this case cannot recover, because there is no evidence of negligence on the part of the defendants.   The glass water gauge on the front of a very small boiler burst, and allowed the steam to escape with a hissing noise.   The room where the accident happened was about ninety feet long and very wide, and the boiler stood at one side of it.   The plaintiff, a girl of sixteen years of age, had been employed there fifteen months, packing candy in boxes and doing similar work.   The room was in the second story of the building, and five girls were at work there at the time.   The plaintiff was frightened by the escaping steam, and although it did not come near her, she ran to an open window and jumped out and was injured.   There is no evidence that there was any defect in the boiler or water gauge which the defendants could have discovered by the exercise of ordinary care.   There was nothing to show the cause of the bursting of the gauge.   The only testimony on the subject came from a single witness called as an expert by the plaintiff, who said that he had been an engineer taking care of boilers and engines for twenty-two years.   He testified that this gauge was of a kind in common use on boilers, that it was to show to the engineer the height of water in the boiler; that the glass is liable to burst from causes that are known and from causes that are unknown.   He said that he had never in his experience known a water gauge to go two years without bursting.   There was no testimony as to what the known causes of bursting are.   He testified that the wheels shown him, connected with the gauge, were to shut off the water in an instant, and his evidence tended to show that the only danger from the bursting of such a gauge to employees about the room was from the water getting too low in the boiler, if there was nobody to shut it off.   It appeared that there was an engineer in charge of the defendant's boiler, and the testimony tended to show that the escaping steam was shut off in less than half a minute after the gauge burst.

There was no evidence tending to show that reasonable care on the part of the defendants called for any additional precautions to prevent such accidents as happened to the plaintiff.

The evidence points to nothing more that they could have done for the safety of the plaintiff, unless they had warned her against becoming frightened and jumping out of a window if the water gauge should burst. It does not appear that they could have done anything to prevent the possibility of the breaking of the gauge before the accident, and they had no reason to suppose that the plaintiff needed a warning of danger when in fact she was in no danger except from unanticipated possible consequences of fright.

Other grounds of defence disclosed by the evidence we need not consider.     *Exceptions overruled.*